

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| ROCHELLE A. WASHINGTON,<br>Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION NO. 8:19-103-MGL |
| ANDREW SAUL, Commissioner of the<br>Social Security Administration,<br>Defendant. | § § § § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO REMAND
FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

**I.     INTRODUCTION**

This is a Social Security appeal in which Plaintiff Rochelle A. Washington (Washington) seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying her claim for disability insurance benefits (DIB).  Pending before the Court is Saul's motion under the fourth sentence of 42 U.S.C. § 405(g) to reverse his final decision denying Washington's DIB claim and remand the case for further administrative  proceedings.

Having carefully considered the motion, the response, the reply, the record, and the relevant law, the Court will grant the motion.

## II. STANDARD OF REVIEW

It is the plaintiff's duty both to produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record, and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

"[W]hen a [plaintiff] appeals from the [defendant's] denial of benefits and [the Court] find[s] that such a denial was improper, [the Court], out of [its] abundant deference to the ALJ," remand[s] the case for further administrative proceedings." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000). (citation omitted) (internal quotation marks omitted). "Consistent with this rule, [the Court] may enter an immediate finding of disability only if the record overwhelmingly supports such a finding." *Id*. (citation omitted) (internal quotation marks omitted).

Put another way, "[r]emand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

**III. PROCEDURAL HISTORY**

Washington filed her application for DIB on August 10, 2015. She claimed her disability commenced on March 27, 2015.

Her claim was denied initially and upon reconsideration. She then requested a hearing before the Administrative Law Judge (ALJ), which was held on November 15, 2017. On March 20, 2018, the ALJ issued his decision denying Washington's claim. The Appeals Council denied her request for review.

Washington then filed this suit with the Court. In Washington's prayer for relief in her complaint, as is relevant here, "she prays that this Court: 1) find [she] is entitled to Social Security Disability benefits under the provisions of the Social Security Act; or 2) remand the case for a further hearing[.]" Complaint at 2.

Thereafter, Saul filed his motion to remand, Washington filed her response in opposition, and Saul filed his reply. The Court, having been fully briefed on the relevant issues, is prepared to adjudicate Saul's motion.

**IV. DISCUSSION AND ANALYSIS**

In the motion, Saul asks the Court to remand the matter for further administrative proceedings so the ALJ can "give[] further consideration to [Washington's] residual functional capacity [(RFC)] and provide appropriate rationale with specific evidence in the record to support the assessed limitations; evaluate the third party statement of Rosa Washington; and obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on [Washington's] occupational base." Motion to Remand at 1-2.

3

In response, Washington contends "the record demonstrates Washington required an assistive device for ambulation. The record also clearly includes evidence that she did not improve after surgery as the ALJ erroneously determined." Washington's Response at 2. Additionally, she argues "[t]here is no substantial evidence to support the ALJ's decision [whether Washington is able to perform other work as it exists in the national economy]." *Id*. Thus, according to Washington, the Court ought to order Saul to award her benefits in lieu of remanding the case for further administrative proceedings.

Although neither party develops their contentions nor makes any specific citations to the record, the Court, after having made a de novo review of the record, concludes Saul has the better argument. The Court's decision is based on the following three conclusions.

First, the record before the Court fails to overwhelmingly support Washington is entitled to benefits. As such, a remand for additional administrative proceedings would serve the useful purpose of further developing the record.

Second, a remand for further administrative proceedings comports with Washington's initial requests, both in her complaint and in her brief. In Washington's complaint, as the Court observed above, "she pray[ed] that this Court: 1) find [she] is entitled to Social Security Disability benefits under the provisions of the Social Security Act; or 2) remand the case for a further hearing[.]" Complaint at 2.

She asks for the same relief in her brief. For instance, she states:

> The ALJ's consideration of a need for assistive devices in this case lacks a proper explanation and requires remand. . . . [T]he ALJ's decision requires further explanation as he clearly indicates that Washington has difficulties walking and that she relies on assistive devices for ambulation but finds that she can walk for [two] hours a day with no assistive device. Washington's Brief at 20.

4

> As this evidence [of the continuation of Washington's back problems] directly addresses the ALJ's decision that Washington improved after surgery as well as the ALJ's decision that Washington's reports of continued pain were not consistent with the evidence, [Washington's counsel] submits this case requires remand for proper consideration of the evidence that was not exhibited by the Appeals Council. *Id*. at 28-29.

She fails to offer any explanation as to why she changed her mind once Saul agreed with her on these matters.

And third, the conflicting evidence in the record supports a remand for further administrative proceedings. As the Court noted above, Washington stated in her brief "the ALJ's decision that Washington improved after surgery as well as the ALJ's decision that Washington's reports of continued pain were not consistent with the evidence[.]" *Id*. She also maintains "the ALJ did not explain how Washington's reports regarding her abilities was unsupported and inconsistent with the medical evidence of record[.]" *Id*. at 35.

It is outside the ambit of this Court to resolve conflicts such as these. *Hays*, 907 F.2d at 1456 ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.").

## V. CONCLUSION

In light of the foregoing discussion and analysis, the Court is of the firm opinion a further developed record would be useful so that Saul can make a proper determination as to whether Washington is entitled to benefits. As such, Saul's motion to remand for further administrative proceedings is **GRANTED**. Consequently, Saul's decision denying Washington's claim for DIB is **REVERSED** and this matter is **REMANDED** to Saul for further administrative proceedings.

Going forward, in contested motions such as this filed with this Court, the parties shall fully develop their arguments and provide citations to the record in support of those arguments.

**IT IS SO ORDERED**.

Signed this 19th day of February, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
